UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LIBERTY SURPLUS INSURANCE CORP., | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 4:12-CV-1036 CDP ) |
| JOSEPH WRIGHT, et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Pending before me are (1) defendants' motion to dismiss or stay this declaratory judgment action and (2) plaintiff's motion to consolidate it with *Fleming v. Liberty Surplus Insurance Corp.*, 4:12-CV-1478. I have remanded *Fleming* to the Missouri state court, and the issues in this case would be better settled in that proceeding. Accordingly, I will dismiss this action without prejudice and deny as moot plaintiff's motion to consolidate.

## I.  Background

On December 20, 2007, plaintiff Liberty Surplus Insurance Corp. issued a one-year Commercial General Liability (CGL) policy to the City Museum. (Compl., Ex. 1, p. 1.) During the period covered by the policy, defendant Steven Fleming, an employee of the City Museum, was seriously injured when a

compressor exploded. His injuries were purportedly caused by defendant Joseph Wright, Fleming's supervisor at the City Museum. Fleming sued Wright for negligence in Missouri state court.[1]

On June 11, 2012, while the state suit was pending, Liberty Surplus filed suit in this court under the federal Declaratory Judgment Act, 28 U.S.C. § 2201(a). The insurer asked the court for a determination that Wright was not an "insured" under the CGL policy and, therefore, that it had no duty to defend or indemnify Wright for any claims arising from the state-court negligence suit.

On August 6, 2012, the Missouri state court entered judgment in Fleming's negligence suit against Wright. The court found for Fleming and against Wright and awarded Fleming $750,000. The day after the award was issued, Wright and Fleming filed suit against Liberty Surplus in Missouri state court. *Fleming v. Liberty Surplus Ins. Co.*, 1222-CC09438 (Mo. Cir. Ct. filed Aug. 7, 2012). Wright sued for breach of contract, arguing that he was an "insured" and Liberty Surplus had breached its duty to defend and indemnify him. Fleming sued Liberty Surplus to collect the judgment proceeds in an "equitable garnishment" action under Mo. Rev. Stat. § 379.200.

---

[1] Wright added the City Museum as a third-party defendant. The state court eventually granted the City Museum's motion for summary judgment and dismissed Wright's claim against it. *Fleming v. Wright*, 0922-CC08670 (Mo. Cir. Ct. filed July 31, 2009).

Liberty Surplus removed that case from state court, and Wright and Fleming moved to remand. Because complete diversity is lacking, I am today remanding the action to Missouri state court. *Fleming v. Liberty Surplus Ins. Corp.,* 4:12CV1036 CDP. Therefore, that case is once again pending in Missouri state court. Because the only issue in this declaratory judgment action (the scope of coverage of the CGL policy) would be better settled in the state court proceeding, I will dismiss this case. *Capitol Indem. Corp. v. Haverfield*, 218 F.3d 872, 874 (8th Cir. 2000).

## II. Discussion

When an action is brought under the Declaratory Judgment Act, the federal courts have discretion whether to exercise jurisdiction or to abstain in favor of a parallel state court proceeding. *See Capitol Indem. Corp. v. Haverfield*, 218 F.3d 872, 874 (8th Cir. 2000). The Eighth Circuit has instructed that a district court's "key consideration" should be whether the issues disputed by the parties "can be better settled by the state court in light of the scope and nature of the pending state court proceeding." *Evanston Ins. Co. v. Johns*, 530 F.3d 710, 713 (8th Cir. 2008) (internal quotation marks omitted). A district court should decline to exercise jurisdiction only in cases where the pending state court proceeding presents "the same issues, not governed by federal law, between the same parties." *Royal Indem.*

*Co. v. Apex Oil Co.*, 511 F.3d 788, 793 (8th Cir. 2008). If the issues and parties are the same, the court must also evaluate:

> "whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that proceeding."

*Id.* (quoting *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942)).

If the district court determines that the issues would be better settled in the pending state court proceeding, it "must dismiss the federal action." *Johns*, 530 F.3d at 713. To do otherwise would be "uneconomical as well as vexatious." *Id.*

Plaintiff Liberty Surplus contends that, among other things, I should exercise jurisdiction over this declaratory judgment action because it was filed before the state-court contract/equitable garnishment action. The Eighth Circuit rejected this argument in *Haverfield*. 218 F.3d at 875.

In that case, insurer Capitol Indemnity had issued a CGL policy to a married couple doing business as a bar. After a bar patron was fatally shot, the deceased's parents sued the couple, claiming they had negligently caused the shooting death. Shortly thereafter, Capitol Indemnity filed a declaratory judgment action in federal court, asking the court to determine that the negligence claim was excluded from coverage under the CGL policy.[2] Five months later, the state court issued a

---

[2] Like in this case, the *Haverfield* insurer was not party to the underlying negligence suit.

judgment for the deceased's parents and against the married couple.  The parents then filed a state-court petition against the husband and Capitol Indemnity to collect insurance proceeds.

In the federal-court declaratory judgment action, Capitol Indemnity obtained leave to add the parents as defendants.  The parents then moved to dismiss or stay the action, arguing the state court was the better forum for adjudicating the coverage issues.  The district court denied the motion because the federal action was much further along in the litigation process.  But the Eighth Circuit reversed, finding the district court had abused its discretion in exercising jurisdiction over the declaratory judgment action.  It ultimately held that:

> At the time the district court denied the [parents'] motion to dismiss or stay the federal proceeding, a parallel state court action was pending that presented the same issues between the same parties. Further, both actions were governed solely by state law. Thus, the state court was in the better position to adjudicate the matter, and permitting this federal action to proceed was unnecessarily duplicative and uneconomical.

*Id.* at 875.

The issue in this case is identical.  Like in *Haverfield*, the parties dispute the scope of coverage of the CGL policy at issue, whose interpretation is governed by state law.  *See id.* (citing *TNT Speed & Sport Cntr., Inc. v. Am. States Ins. Co.*, 114 F.3d 731, 732 (8th Cir. 1997)).  The parties to this case – Liberty Surplus, Wright, and Fleming – are the same parties litigating the state-court contract/equitable

garnishment case.³  Liberty Surplus' contention that Wright is not an insured under the CGL policy can be satisfactorily adjudicated in the pending state-court proceeding as a defense to each claim against it.  *See Glover v. State Farm Fire & Cas. Co.*, 984 F.2d 259, 260 (8th Cir. 1993) (insurer may raise defenses it would have against its own insured in action brought under Mo. Rev. Stat. § 379.200).

Moreover, the *Haverfield* declaratory judgment action was "nearly ready for trial."  218 F.3d at 876 (Loken, J., dissenting).  The need to conserve judicial resources and avoid duplicative action, already dispositive in *Haverfield*, is even more pressing in this case, in which there have been no major actions.  *See also Sentry Ins. v. Haines*, 4:08-CV-00329 FJG, 2009 WL 702032 (W.D. Mo. Mar. 13, 2009), at *2 (dismissing declaratory judgment action on same judicial economy grounds where insurer sought declaration that driver did not qualify as "insured" under applicable policy and parallel state court proceeding was § 379.200 action).

## III.  Conclusion

The parallel proceeding in Missouri state court presents "the same issues between the same parties," involves an application of state law only, and provides an adequate opportunity for Liberty Surplus to present non-coverage as a defense.

---

³ Plaintiff Liberty Surplus protests that it is not "amenable to process" in the state of Missouri, which it suggests is required.  The actual consideration put forth by the Supreme Court is whether Liberty Surplus is "amenable to process" in the state *proceeding, Brillhart*, 316 U.S. at 495, not whether it receives service of process within the geographic confines of the state.

The scope of coverage provided to Wright by the CGL policy, if any, is an issue better settled by the Missouri state court, and the state court decision will fully resolve all issues presented by this case. Therefore, I will not exercise jurisdiction over this declaratory judgment action.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss or, in the alternative, to stay this action [#12] is **GRANTED**, and this case is dismissed without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion to consolidate this case [#18] with *Fleming v. Wright*, 4:12-CV-1478, is **DENIED** as moot.

A separate order of dismissal is entered this same date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 12th day of December, 2012.